a

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| JEREMY X RACHAL #590548, Petitioner | CIVIL DOCKET NO. 5:22-CV-01155 SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| TIM HOOPER, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion for Default Judgement (ECF No. 16) filed by pro se Petitioner Jeremy Rachal ("Rachal").

Rachal asks that his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 be granted because the Respondent did not timely answer. Respondent requested an extension of time within which to file an answer seven days after the initial deadline expired. ECF No. 16. Respondent was granted an extension and the deadline was reset. A response was filed prior to the expiration of the new deadline. ECF No. 17. A late response —or even no response—does not entitle Rachal to automatic release. *See Wiggins v. Procunier*, 735 F.2d 1318, 1321 (5th Cir. 1985) (citing *United States ex rel. Mattox v. Scott*, 507 F.2d 919, 924 (7th Cir. 1974) ("[A] habeas corpus petitioner [should not be] release[d] in the event of a failure to make a timely return, for the burden of default would then fall upon the community at large.")); *Roberts v. Davis*, 3:17-CV-3326, 2019 WL 3208802, at *1 (N.D. Tex. 2019), *report and recommendation adopted*, 2019 WL 3207330 (N.D. Tex. 2019); *Beall v. Cockrell*, 174 F. Supp. 2d 512,

517 (N.D. Tex. 2001) ("Many courts, including the Fifth Circuit, frown on the use of default judgments to grant habeas relief without reaching the merits of the claim."); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981) ("dilatoriness, standing alone, does not provide a sufficient basis for granting the writ").

Because Rachal is not entitled to release without a review of the merits of his claim, IT IS HEREBY ORDERD that the Motion for Default Judgment (ECF No. 16) is DENIED.

SIGNED on Thursday, February 9, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE