a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JEREMY X RACHAL #590548, Plaintiff | CIVIL DOCKET NO. 5:22-CV-01155 SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| TIM HOOPER, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Jeremy X. Rachal ("Rachal"). Rachal is an inmate at the Louisiana State Penitentiary in Angola, Louisiana. Rachal challenges an aggravated battery conviction in the First Judicial District Court, Caddo Parish.

Because Rachal cannot establish entitlement to relief under § 2254, his Petition should be DENIED and DISMISSED WITH PREJUDICE.

I.   **Background**

Rachal pleaded guilty to aggravated battery and was sentenced to 10 years of imprisonment. The sentence was ordered to run concurrently with a life sentence for second-degree murder imposed the same date.[1] *See State v. Rachal*, 53,398, p. 1 (La.App. 2 Cir. 7/22/20); 300 So.3d 483, 487.

---

[1] According to Rachal's exhibits, he was charged with possession of a firearm by a convicted felon and illegal use of that firearm (April 2015); possession with intent to distribute schedule II and illegal carrying of a weapon while in possession of a controlled dangerous substance (June 2015); second-degree murder and aggravated arson (June 2015); second-degree battery

1

According to the record, while Rachal was jailed in the Caddo Correctional Center awaiting trial on second-degree murder and aggravated arson charges in another matter, he attacked a deputy by hitting him on the head with a steel lid pried from a footlocker. ECF No. 17-3 at 18, 29. The deputy sustained a laceration requiring 12 staples. *Id.* The State filed a bill of information under Docket No. 345,348 on January 18, 2017, charging Rachal with aggravated second-degree battery. Michelle Andrepont, Chief District Public Defender for the First Judicial District Court, represented Rachal in this and other matters. ECF No. 17-3 at 10.

Rachal filed a Motion to Appoint New Counsel for his various pending matters. He alleged that Andrepont did not allow him to inspect all the discovery and evidence against him; opposed his right to a speedy trial; and made false accusations and feared him. ECF No. 17-3 at 39. Rachal asserted his right to represent himself and was allowed to do so with Andrepont as standby counsel. ECF No. 17-22 at 23-37.

Rachal filed a pro se "Motion to Quash" the bill of information for aggravated second-degree battery. ECF No. 17-3 at 40. He asserted that the State violated his right to a speedy trial by failing to commence trial within the two-year period

---

for injuring a cellmate (June 2015); aggravated battery of a police officer for throwing urine and feces on a guard (September 2016); aggravated battery of a police officer for throwing urine on a guard (October 2016); and aggravated battery by hitting a deputy with a footlocker causing serious injury (December 2016).

On July 29, 2019, Rachal pleaded guilty to one aggravated battery charge (Case No. 345,348). That day, he also entered a guilty plea to the second-degree murder charge (Case No. 333,082) "pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), known as an *Alford* plea, and *State v. Crosby*, 338 So. 2d 584 (1976), known as a *Crosby* plea." *State v. Rachal*, 53,398, p. 1 (La.App. 2 Cir. 7/22/20); 300 So.3d 483, 487. The other charges were dismissed. ECF No. 1-5 at 79-81.

provided by La. C. Cr. P. art. 578. *Id.* The transcript from proceedings on February 4, 2019, indicates that Rachal filed similar motions to quash in each of his docket numbers, and that Andrepont had not seen the motions. ECF No. 17-22 at 68. Andrepont noted that she requested a number of continuances for arguments and hearings; she did not believe a motion to quash to be valid; and she was still reviewing materials that she requested via subpoena duces tecum at Rachal's behest. *Id.* at 69. The trial court denied Rachal's motions to quash. *Id.* at 72.

On July 29, 2019, Rachal pleaded guilty to aggravated battery with a sentence of 10 years at hard labor. ECF No. 17-3 at 62. The 10-year sentence was to be served concurrently with his life sentence for second-degree murder. *Id.* at 62-63. Prior to accepting the aggravated battery guilty plea, the trial court conducted a colloquy under *Boykin v. Alabama*, 395 U.S. 238 (1969). The court determined there was a factual basis for the plea; that Rachal was pleading freely and voluntarily; and that he understood the nature of the charges and the proceedings against him. ECF No. 17-3 at 62-63. Pursuant to Rachal's plea agreement, the State dismissed the aggravated arson charge, as well as pending charges under seven other docket numbers. ECF No. 17-3 at 63-64.

Rachal filed an application for post-conviction relief raising nine claims of violations of state and federal law. The application was denied. ECF No. 1-4 at 86-98; No. 1-5 at 219-23. Rachal sought supervisory writs in the Louisiana Second Circuit Court of Appeal. His application was denied on the showing made. ECF No.

1-5 at 227. The Louisiana Supreme Court also denied Rachal's writ application, per curiam. *State v. Rachal*, 2021-01483, p. 1 (La. 11/23/21); 328 So.3d 65.

In this § 2254 Petition, Rachal claims that he received ineffective assistance of counsel because he was "embroiled in irreconcilable conflict" with court-appointed counsel and counsel caused him to suffer a speedy trial violation. He also asserts that his guilty plea was involuntary.

## II. Law and Analysis

### A. Habeas Corpus Standard of Review

Under 28 U.S.C. § 2254(d), a federal court may only grant relief if the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court"; or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). A state court decision is deemed "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." *Jenkins v. Hall*, 910 F.3d 828, 832 (5th Cir. 2018) (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)).

"It is an unreasonable application of Supreme Court precedent 'if the state court identifies the correct governing legal rule from [the] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.'" *Id.*

quoting *Salts v. Epps*, 676 F.3d 468, 473–74 (5th Cir. 2012)). The "state court's findings of fact are entitled to a presumption of correctness" that may be overcome only by "clear and convincing evidence." *Leal v. Dretke*, 428 F.3d 543, 548 (5th Cir. 2005).

To obtain habeas review, a petitioner must first exhaust state court remedies as to each claim raised by presenting the federal nature of each claim to each appropriate state court in a procedurally proper manner. *See O'Sulllivan v. Boerckel*, 526 U.S. 838 (1999); *Duncan v. Henry*, 513 U.S. 364 (1995) (per curiam); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). A petitioner must give the state courts a "fair opportunity to apply controlling legal principles to the facts bearing upon a constitutional claim." *Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2004), *cert. denied*, 543 U.S. 989 (2004) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

The fair presentation requirement is satisfied if the federal habeas claim is the "substantial equivalent" of that presented to the state courts. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). A federal claim is not fairly presented if the state court must read beyond the petition or brief to find it. *Baldwin v. Reese*, 541 U.S. 27 (2004). A claim is unexhausted "if a petitioner presents new legal theories or entirely new factual claims in his petition to the federal court." *Wilder*, 274 F.3d at 259. Under the AEDPA, the federal courts are without power to grant relief on unexhausted claims. *Kunkle v. Dretke*, 352 F.3d 980, 988 (5th Cir. 2003), *cert. denied*, 542 U.S. 954 (2004).

If a state court clearly and expressly bases its dismissal of a claim on a state procedural rule that provides an independent and adequate ground for the dismissal, or the petitioner fails to exhaust state remedies and his claims would now be procedurally barred by the state courts, the claim is procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Federal habeas review of a procedurally defaulted claim is barred unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750-51 (1991); *see also Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

### B. Rachal's ineffective assistance claim based on a conflict with counsel is meritless.

Rachal alleges that he received ineffective assistance of counsel in violation of the United States Constitution because the State compelled him to proceed with council with whom he had an irreconcilable conflict. As evidence of the alleged conflict, Rachal points to Andrepont's responses to complaints he made to the Louisiana State Bar Association and the Louisiana Attorney Disciplinary Board, where Andrepont addressed his violent actions and difficult behavior during her representation of him. He also complains that Andrepont opposed his motion to quash based on an alleged speedy trial violation and thereby acted as a "second prosecutor." ECF No. 1-3.

Rachal pleaded guilty to the aggravated degree battery charge. A valid guilty plea "waives all non-jurisdictional defects, including an ineffective assistance of

6

counsel claim, unless the ineffective assistance claim affects the voluntariness of the plea." *Wells v. Thaler*, 460 F. App'x 303, 309 (5th Cir. 2012), citing *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); see also *Tollett v. Henderson*, 411 U.S. 258 (1973). Rachal does not argue that his conflict with counsel caused his guilty plea to be involuntary. Thus, he has waived this claim.

Even if the claim was not waived, it is meritless. The Louisiana Supreme Court denied the claim because Rachal could not meet the standard of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This Court does not decide whether the state court's *Strickland* determination was incorrect, but whether it was unreasonable, which presents a substantially higher threshold for a petitioner to meet. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

To satisfy the first prong of *Strickland*, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003); *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). In so doing, a convicted defendant has the burden of proof and must overcome a strong presumption that the conduct of his trial counsel "falls within [a] wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." *Bobby v. Van Hook*, 558 U.S. 4, 7 (2009) (quoting *Strickland*, 466 U.S. at 688-89). There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the

7

exercise of reasonable professional judgment. *See Wiggins*, 539 U.S. at 523; *Bell v. Cone*, 535 U.S. 685, 698 (2002); *Strickland*, 466 U.S. at 690.

To satisfy the "prejudice" prong, a convicted defendant must establish a reasonable probability that, but for the objectively unreasonable misconduct of his counsel, the result of the proceeding would have been different. *Wiggins*, 539 U.S. at 534; *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. *Strickland*, 466 U.S. at 694. Where a defendant has entered a guilty plea, *Strickland*'s prejudice prong requires a petitioner to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Rachal does not assert that, but for the alleged irreconcilable conflict with Andrepont, he would not have pleaded guilty and would have instead insisted on going to trial. His failure to even allege the required prejudice defeats his claim. Rather than allege prejudice, he argues that prejudice should be presumed in accordance with *United States v. Cronic*, 466 U.S. 648 (1984). However, this is not a case in which there was a "complete denial of counsel"; a denial of counsel at a "critical stage" of the proceedings; a complete failure to subject the State's case to meaningful adversarial testing; or like circumstances discussed in *Cronic* as might make the presumption of prejudice appropriate. *Id.*, at 659. No presumption of prejudice is warranted.

8

Because there is an absence of an conflict and prejudice, considering the double deference accorded to the State court's determination, Rachal cannot show that the Louisiana Supreme Court's *Strickland* determination was objectively unreasonable.

C. <u>Rachal's ineffective assistance claim regarding his right to a speedy trial is meritless.</u>

Rachal complains that the State provided him with ineffective assistance of counsel in a deliberate effort to hamper his defense. He argues that Andrepont deprived him of his right to a speedy trial as guaranteed by the U.S. Constitution. ECF No. 1-3 at 14.

Rachal's guilty plea waived "all non-jurisdictional defects, including an ineffective assistance of counsel claim, unless the ineffective assistance claim affects the voluntariness of the plea." *Wells*, 460 F. App'x at 309 (citing *Smith*, 711 F.2d at 682). Rachal does not argue that any issues with his attorney caused his guilty plea to be involuntary. Thus, he has waived this claim.

Even if the claim was not waived, Rachal does not satisfy *Strickland*'s prejudice prong. He neither alleges nor establishes that, but for the alleged ineffective assistance of counsel somehow depriving him of his right to a speedy trial, he would not have pleaded guilty and would have instead opted to go to trial. *See Hill*, 474 U.S. at 59. His failure to satisfy the prejudice prong requires denial of the claim.

D. <u>Rachal fails to establish the invalidity of his guilty plea.</u>

Rachal claims that his guilty plea was involuntary. Before each state court, he asserted that he informed the trial court that he was coerced into the plea by the sheriff's office and court system. ECF No. 17-4 at 102-06; ECF No. 17-14 at 19-20;

9

ECF No. 17-18 at 27-28. However, Rachal only generally alleged that his conviction and sentence were obtained in violation of the state and federal constitutions because it was involuntary. ECF No. 17-14 at 19. This "fleeting reference" to the U.S. Constitution does not suffice to exhaust a federal claim. *Wilder*, 274 F.3d at 260; *see also Johnson v. Williams*, 568 U.S. 289, 299 (2013) ("a state court may not regard a fleeting reference to a provision of the Federal Constitution or federal precedent as sufficient to raise a separate federal claim").

Rachal's claim would now be procedurally barred if he attempted to raise the claim in state court because the state limitations period has expired. *See* La. C. Cr. P. art. 930.8. Also, the time to seek review of the Second Circuit's ruling has passed. *See* Rule 4-3 of the Uniform Rules of Louisiana Courts of Appeal. Additionally, because the Second Circuit ruled on the claim, it would be procedurally barred under article 930.4. Rachal has not established cause for his default and actual prejudice, or that the failure of the habeas court to consider his claim will result in a fundamental miscarriage of justice. As such, federal habeas review of this procedurally defaulted claim is barred. *Coleman*, 501 U.S. at 750-51.

Even if review was not barred, Rachal cannot meet the standard of § 2254(d). A valid guilty plea is one made intelligently and voluntarily. *Boykin*, 395 U.S. at 238. A guilty plea is made knowingly, intelligently, and voluntarily when done with sufficient awareness of the relevant circumstances and the likely consequences of the plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). To determine whether a plea was voluntary, courts consider all relevant circumstances. *Id.*, at 749. "A plea not

voluntarily and intelligently made has been obtained in violation of due process and is void." *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000), *cert. denied* 531 U.S. 830 (2000) (citing *McCarthy v. United States*, 394 U.S. 459, 466 (1970)).

Rachal is not claiming that he did not understand the plea or the rights he was waiving. Nor does he claim that he could not understand the possible sentence or other consequences of the plea. His argument rests on his allegation of coercion, which is meritless. The record confirms that the plea was offered by Rachal and that there was a pending offer from the State to allow him to plead to a lesser offense relative to the second-degree murder charge. ECF No. 17-3 at 48-49. This directly contradicts Rachal's assertion of coercion. The plea was, in all respects, of his own making. Nothing in the record shows that the Caddo Parish Sheriff's Office or court system coerced him to plead guilty. Even after his attempt to claim that he was coerced, Rachal stated that he still wanted to "follow through with this plea." ECF No. 17-3 at 55.

As the Second Circuit noted in determining that the plea was voluntary—Rachal received the deal he requested. *Rachal*, 300 So.3d at 496. Rachal cannot overcome the difficult standard of § 2254(d).

### III. Conclusion

Because Rachal cannot meet the requirements of § 2254(d), IT IS RECOMMENDED that his Petition for Writ of Habeas Corpus (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Wednesday, June 7, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE